UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00174-01** |
| | **CASE NO. 3:21-CV-01010** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WILLIE JAMES COOK (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court are two motions filed by Defendant Willie James Cook ("Cook"). The motions at issue are a Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 70] and a Motion to Modify Sentence [Doc. No. 72]. Since both motions involve the same factual scenario, both will be addressed in the same order.

The Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 70] was filed on April 15, 2021. A Response [Doc. No. 76] was filed by the United States of America ("USA") on May 4, 2021. A Reply [Doc. No. 84] was filed by Cook on May 17, 2021.

The Motion to Modify Sentence [Doc. No. 72] was filed by Cook on April 16, 2021. A Response [Doc. No. 77] was filed by the USA on May 4, 2021. A Reply [Doc. No. 85] was filed by Cook on May 17, 2021.

For the following reasons, Cook's Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 70] is DENIED. Further, Cook's Motion to Modify Sentence [Doc. No. 72] is DISMISSED WITHOUT PREJUDICE.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Cook was originally arrested on August 28, 2018 by the State of Louisiana on charges of home invasion, possession of a firearm by a convicted felon, illegal possession of a stolen firearm and other charges.[1]

On May 22, 2019, a federal grand jury returned an indictment charging Cook with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The federal charge was also based upon the August 28, 2018 incident. On July 24, 2019, a superseding indictment was returned charging Cook with the same offense.

On November 4, 2019, pursuant to a written plea agreement, Cook plead guilty as charged [Doc. No. 51]. On March 4, 2020, Cook was sentenced to fifty-seven (57) months imprisonment,[2] with three (3) years supervised release.

The pending state charges were dismissed on September 22, 2020, over six months after the federal sentence was imposed.

In both of his motions, Cook maintains he should have been given credit from August 28, 2018 (date of arrest) until July 24, 2019 (date of his federal indictment), in accordance with U.S.S.G. § 5G1.3. Both the USA [Doc. No. 76-1] and Cook [Doc. No. 85-2] provided documentation from the Bureau of Prisons ("BOP") showing that Cook did receive jail credit for August 29, 2018, and he has received credit for time served since April 25, 2019. Therefore, Cook seeks credit for approximately eight (8) months that he spent in state pre-trial detention between the dates of August 29, 2018 and April 25, 2019.

---

[1] Case No. 18-CR-004984, Fourth Judicial District Court, Parish of Ouachita
[2] The applicable guideline range was fifty-seven (57) to seventy-one (71) months incarceration [Doc. No. 67].

2

## II. LAW AND ANALYSIS

### A. U.S.S.G. § 5G1.3

U.S.S.G. § 5G1.3(b) addresses federal sentencing recommendations for a term of imprisonment resulting from another offense that is relevant conduct to the instant offense. U.S.S.G. § 5G1.3(c) discusses recommendations where a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense.

There was no "term of imprisonment" on the state charge because the state charges were dismissed after the federal sentence on September 22, 2020. Additionally, there was no "anticipated term of imprisonment" on the state charge because no conviction and/or sentence had occurred on the state charge when Cook was sentenced, and no conviction ever occurred.

### B. Motion to Vacate

In Cook's Motion to Vacate under 28 U.S.C. § 2255, Cook alleges that he received ineffective assistance of counsel at sentencing because his attorney should have gotten Cook credit for the time Cook spent in state custody, that he was not given credit for by the BOP.

The USA responds that Cook's motion is untimely under 28 U.S.C. § 2255(f)(1) because over one year had elapsed from the date the sentence became final. The USA also responds that Cook did not receive ineffective assistance of counsel.

In reply, Cook argues that he should be granted equitable tolling because he was denied access to the prison library and/or legal assistance because he did not have an open case. Cook further argued that his attorney was ineffective because he should have anticipated a term of imprisonment imposed by the State of Louisiana.

It does appear Cook's Motion to Vacate is untimely. The judgement of Cook's conviction was entered into the court record on March 5, 2020. Cook then had until March 19, 2020 to file an

appeal. No appeal was filed, so Cook's conviction became final on March 20, 2020. Cook's Motion to Vacate filed on April 15, 2021 was untimely. Although Cook has argued that he was denied access to the law library and/or legal assistance, no documentation, not even a declaration or affidavit, was provided. Additionally, no specifics have been provided to show when or how many times Cook was given law library access and/or legal assistance. Therefore, Cook's Motion to Vacate is untimely.

Out of an abundance of caution, this Court will address the merits of Cook's claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255. *United States v. Ramos*, 801 F.App'x. 216, 225 (5th Cir. 2020).

Pursuant to the two-prong test established in *Strickland v. Washington*, a defendant must establish that his attorney's actions were objectively unreasonable and that the attorney's unreasonable actions resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

In addressing the first prong, the court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *United States v. Valdez*, 973 F.3d 396, 404 (5th Cir. 2020).

This Court finds Cook has not proven the first prong. As previously discussed, there was no "state term of imprisonment" at the time of Cook's sentence.[3] The state charges were still pending. Additionally, there was no "anticipated term of imprisonment"[4] at the time Cook was sentenced. On the date Cook was sentenced on (March 4, 2020), the state charges were still

---

[3] U.S.S.G. § 5G1.3(b)
[4] U.S.S.G. § 5G1.3(c)

4

pending. Not only was there a possession of a firearm by a convicted felon charge, but there were other state charges, including home invasion and illegal possession of a stolen firearm.

Had Cook's attorney made a request for an anticipated term of imprisonment, the anticipated term would have been nothing more than a guess. The State of Louisiana could have obtained a conviction and run the charge concurrently to the federal charge, could have obtained a conviction and run it consecutively to the federal charge, could have obtained a conviction and given a sentence of more the fifty-seven (57) months, or could have dismissed the charge[5].

The record reflects Cook's counsel did an admirable job. He made numerous objections and argued on behalf of Cook. Cook also received the lowest sentence of a 57-71 month guideline.

Therefore, Cook's Motion to Vacate is DENIED.

### C. Motion to Modify Sentence

In his Motion to Modify Sentence [Doc. No. 72], Cook argues he is entitled to credit on his federal sentence for the time he spent in state custody that he was not given credit for by BOP, citing U.S.S.G. § 5G1.3.

The USA responds that administrative procedures exist within the BOP to review the BOP's failure to credit the applicable time to Cook. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

This Court agrees with the USA. Cook must first exhaust his administrative remedies with the BOP.[6] Therefore, Cook's Motion to Modify Sentence is DISMISSED WITHOUT PREJUDICE.

---

[5] As they did
[6] This Court further notes that it has been provided with his evidence documents that Cook spent the applicable time in state custody.

**III. Conclusion**

For the reasons set forth herein, IT IS ORDERED that Cook's Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 70] is DENIED.

IT IS FURTHER ORDERED that Cook's Motion to Modify Sentence [Doc. No. 72] is DISMISSED WITHOUT PREJUDICE.

MONORE, LOUISIANA, this 26th day of May 2021.

Terry A. Doughty
United States District Judge